UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| COREY C. ABERNATHY, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No.: 1:18-CV-286-TAV-CHS |
| WARDEN SEXTON, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on the pro se petition of Corey C. Abernathy for a writ of habeas corpus under 28 U.S.C. § 2254, and Respondent's motion to dismiss the petition as time-barred. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed with prejudice.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 15, 2012, in the Criminal Court for Hamilton County, Tennessee, Petitioner pleaded guilty to two burglary counts and received concurrent sentences of two years' incarceration as a Range I standard offender, with release eligibility authorized after service of 30 percent of the sentences [Doc. 18-1 p. 5].

On April 22, 2013, Petitioner filed a petition for post-conviction relief [Doc. 18-1 p. 6-14). Counsel was appointed for Petitioner, the State filed an answer to the petition, and the trial court conducted a hearing at which Petitioner and trial counsel testified [Doc. 18-1 p. 18-23; Doc. 18-2 p. 3-66]. By order and memorandum filed December 22, 2015, the trial court dismissed the post-conviction petition [Doc. 18-1 p. 49-59].

Aggrieved, Petitioner appealed. On July 10, 2017, the Tennessee Court of Criminal Appeals affirmed the trial court's dismissal of the post-conviction petition [Doc. 18-6 p. 1-10; Doc. 18-7]. Petitioner's subsequent application for permission to appeal to the Tennessee Supreme Court was denied by order filed November 16, 2017 [Doc. 18-10].

On November 21, 2018, Petitioner filed a pleading requesting habeas relief that this Court docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1]. The pleading was dated November 15, 2018, and the mailing envelope from Petitioner's place of confinement bore a postmark of November 19, 2018 [*Id.*].

By Order dated January 14, 2019, this Court directed Petitioner to file an amended petition using a standardized form, and Petitioner complied by filing his amended petition on February 15, 2019 [Doc. 9; Doc. 11]. Thereafter, the Court ordered Respondent to answer or respond to the amended petition, and Respondent did so by filing a motion to dismiss the petition as untimely on May 7, 2019 [Doc. 17; Doc. 20]. Petitioner did not file a response.

## II. LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (citations omitted).

## III. DISCUSSION

Petitioner's petition was not timely. Petitioner's conviction became "final" on July 15, 2012, when the time expired for him to seek a direct appeal from his June 15, 2012, guilty plea [Doc. 18-1 p. 5]. *See* Tenn. R. App. P. 4(a) (requiring notice of appeal to be filed within 30 days after entry of judgment appealed from); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding judgment of conviction entered upon guilty plea becomes final thirty days after acceptance of plea and imposition of sentence). Therefore, the statute

of limitations began running the following day, July 16, 2012, and stopped 280 days later on April 22, 2013, when Petitioner filed his petition for post-conviction relief.  *See* 28 U.S.C. § 2244(d)(2).  The limitations period remained tolled during the pendency of Petitioner's post-conviction proceedings, which concluded on November 16, 2017, when the Tennessee Supreme Court denied him permission to appeal.  *See Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. May 20, 2011) ("The clock began to run again . . . after the Tennessee Supreme Court declined jurisdiction over Petitioner's post-conviction appeal.").  Accordingly, once the tolling ended, Petitioner had 85 days – until February 9, 2018 – in which to submit a timely federal habeas petition.  The earliest Petitioner could have filed his petition was November 15, 2018, which is the date the petition is signed [Doc. 1].  Accordingly, the petition was not timely filed, and the Court can consider it only if Petitioner establishes an entitlement to equitable tolling of the limitations period. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies).

To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Here, Petitioner has not argued that he is entitled to equitable tolling, instead relying on the incorrect legal conclusion that his federal petition is timely filed because it was submitted within one year of the time post-conviction review was completed.  However, as explained above, the time

to file a habeas federal petition runs one year from the time the decision is final, absent periods of statutory tolling. Accordingly, Petitioner has not demonstrated that he is entitled to equitable tolling, and the instant petition is untimely.

## IV. CERTIFICATE OF APPEALABILITY

In accordance with Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

## V. CONCLUSION

For the reasons set forth herein, Respondent's motion [Doc. 19] will be **GRANTED**, and the federal habeas petition will be **DISMISSED** with prejudice. A certificate of appealability will be **DENIED**.

AN APPROPRIATE ORDER WILL ENTER.

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE